IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER CORDERO, ) <br> ) <br> Plaintiff, ) <br> ) CIVIL ACTION <br> v. ) <br> ) FILE No. _____ <br> SMART SWEETWATER INC and ) <br> JASANI PROPERTIES USA INC, ) <br> ) <br> Defendants. ) | |

## COMPLAINT

COMES NOW, ALEXANDER CORDERO, by and through the undersigned counsel, and files this, his Complaint against Defendants SMART SWEETWATER INC and JASANI PROPERTIES USA INC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

**PARTIES**

3. Plaintiff ALEXANDER CORDERO (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Lawrenceville, Georgia (Gwinnett County).

4. Plaintiff is a paraplegic and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant SMART SWEETWATER INC (hereinafter "Sweetwater") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8. Sweetwater operates a business located 3255 Pleasant Hill Road, Duluth, Georgia 30096, doing business as "Shell."

9. Sweetwater may be properly served with process via its registered agent for service, to wit: Harshad L. Jeram, 3255 Pleasant Hill Road, Duluth, Georgia 30096.

10. Sweetwater is the lessee (or sub-lessee) of the real property and improvements that are the subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property.")

11. Defendant Jasani Properties USA Inc (hereinafter "JASANI") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

12. Jasani is the owner or co-owner of the Facility and Property.

13. Jasani may be properly served with process via its registered agent for service, to wit: Sultan Jasani, 3336 Jamont Boulevard, Johns Creek, Georgia 30022-7621.

## FACTUAL ALLEGATIONS

14. On or about January 13, 2024, Plaintiff attempted to patronize "Shell" a business located at 3255 Pleasant Hill Road, Duluth, Georgia 30096, but was unable to do so due to the violations of the ADA and ADAAG that are pleaded in the foregoing Complaint.

15. Plaintiff's access to the business located at 3255 Pleasant Hill Road, Duluth, Georgia 30096 (also identified by Gwinnett County Property Appraiser's parcel number R6266 034), and/or full and equal enjoyment of the goods, services,

foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16. Plaintiff lives approximately thirteen (13) miles from Facility and Property.

17. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility once the Facility and Property are brought into compliance with the 2010 ADAAG standards.

18. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

19. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities

Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

21. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

22. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23. The Facility is a public accommodation and service establishment.

24. The Property is a public accommodation and service establishment.

25. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

27. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

28. The Facility must be, but is not, in compliance with the ADA and

ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers,

conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

(a) **EXTERIOR ELEMENTS:**

(i) The accessible parking space on the Property does not have identification signage that complies with section 502.6 of the

2010 ADAAG standards.

(ii) The accessible parking space on the Property does not have an adjacent access aisle, in violation of section 502.3 of the 2010 ADAAG standards.

(iii) The accessible parking space on the Property has slope and cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(iv) The accessible parking space on the Property is not located on the shortest accessible route from the accessible parking space to the accessible entrances of the Facility, in violation of section 208.3.1 of the 2010 ADAAG standards.

(v) Due to the placement of a propane tank storage unit, as well as a lack of parking stops that encourage vehicles to pull up far enough to block the accessible route to the entrances of the Facility, the landing of the accessible ramp on the Property and the Property's exterior accessible routes have clear widths below the minimum 36" (thirty-six inches) inches required by sections 403.5.1 and 502.7 of the 2010 ADAAG standards.

(vi) The door to the accessible entrance of the Facility lacks

minimum permissible maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

**(b)  INTERIOR ELEMENTS:**

(i)  The Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii)  The hardware on the restroom doors in the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iii)  The restroom doors in the Facility require an opening force in excess of 5 lbs. (five pounds), in violation of section 309.4 of the 2010 ADAAG standards.

(iv)  The hand operated flush controls on the commodes in the accessible toilet stalls in the restrooms in the Facility are not located on the open side of the accessible stalls, in violation of section 604.6 of the 2010 ADAAG standards.

(v)  The grab bars/handrails adjacent to the commodes in the restrooms in the Facility are not positioned in accordance with sections 604.5 and 609.4 of the 2010 ADAAG standards.

Specifically, the rear grab bar is too short.

**(c)     POLICY ELEMENTS**

(i)     Defendants have failed to adequately maintain the Facility and Property in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

(ii)    Upon information and good faith belief, Defendants each fail to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily accessible to, and usable by, disabled individuals.

35.    Without limitation, the above-described violations of the ADAAG rendered the Facility inaccessible to Plaintiff.

36.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

37.    Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous

conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Smart Sweetwater Inc in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(b) That the Court find Jasani Properties USA Inc in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: February 26, 2024.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman

and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich